**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000520
05-OCT-2017
11:21 AM**

NO. CAAP-17-0000520

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
TERI W. PEDRO, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 3CPC-17-0000310)


ORDER GRANTING AUGUST 19, 2017 MOTION TO DISMISS
APPEAL FOR LACK OF APPELLATE JURISDICTION
AND DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Nakamura, Chief Judge, Fujise and Chan, JJ.)

Upon review of (1) Defendant-Appellant Teri W. Pedro's
(Appellant Pedro) August 19, 2017 motion to dismiss her own
appeal in appellate court case number CAAP-17-0000520 for lack of
appellate jurisdiction, (2) the lack of any response by
Plaintiff-Appellee State of Hawai'i (Appellee State) to Appellant
Pedro's April 13, 2017 motion to dismiss, (3) Appellant Pedro's
attorney, Deputy Public Defender James A. Tabe's declaration as
to his unsuccessful efforts to contact Appellant Pedro by
telephone or letter and why he was unable to obtain an affidavit
or declaration that reflects a knowing and intelligent
understanding of the consequences of the dismissal of the appeal
and that the withdrawal is made voluntarily, pursuant to
Rule 42(c) of the Hawai'i Rules of Appellate Procedure (HRAP),

and (4) the record, it appears that we lack appellate jurisdiction over Appellant Pedro's appeal from the Honorable Melvin H. Fujino's June 1, 2017 interlocutory order pertaining to bail.

"The right to an appeal is strictly statutory." State v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996) (citation omitted). The Hawai'i Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" Hawaii Revised Statutes (HRS) § 602-57(1) (2016). In a circuit court criminal case, a defendant may appeal from a judgment of conviction that imposes a sentence pursuant to HRS § 641-11 (2016), from an interlocutory order that the circuit court certifies for appeal pursuant to HRS § 641-17 (2016), or from an interlocutory order denying a motion to dismiss based on double jeopardy pursuant to the collateral order doctrine. State v. Kealaiki, 95 Hawai'i 309, 312, 22 P.3d 588, 591 (2001). The June 1, 2017 order pertaining to bail does not satisfy the requirements for any of the three main categories of appealable orders and judgments, and the circuit court has not yet entered a final judgment in Criminal No. 3CPC-17-0000310.

"An appellate court has . . . an independent obligation to ensure jurisdiction over each case and to dismiss the appeal sua sponte if a jurisdictional defect exists." State v. Graybeard, 93 Hawai'i 513, 516, 6 P.3d 385, 388 (App. 2000) (citation omitted). Review of bail orders prior to a judgment of conviction may be obtained by application for an extraordinary writ to the Supreme Court, but not by appeal to this court. See HRAP Rule 9(a)(2). "A jurisdictional defect in an appeal cannot be waived by the parties or disregarded by us. We must dismiss an appeal on our own motion if we lack jurisdiction." State v. Johnston, 63 Haw. 9, 10, 619 P.2d 1076, 1077 (1980) (citations omitted). We lack jurisdiction over Appellant Pedro's appeal from the June 1, 2017 order pertaining to bail.

Therefore, IT IS HEREBY ORDERED that Appellant Pedro's August 19, 2017 motion to dismiss appellate court case number CAAP-17-0000520 for lack of appellate jurisdiction is granted, and the appeal is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-17-0000520 are dismissed as moot.

DATED: Honolulu, Hawai'i, October 5, 2017.

Chief Judge

Associate Judge

Associate Judge

3